UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMMI G.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C26-5107-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's August 2025 decision finding her not disabled. The ALJ found Plaintiff's obesity, tarsal tunnel syndrome, degenerative disc disease, degenerative joint disease/osteoarthritis, sciatica, lumbar spondylosis, foot abnormalities, headaches, sleep apnea, anxiety disorder, panic disorder, agoraphobia, depressive disorder, PTSD, and bipolar disorder are severe impairment; Plaintiff retains the residual functional capacity (RFC) to perform light work limited to simple tasks with additional physical, postural and hazards limitations, and Plaintiff has no relevant work but is not disabled because there are jobs she can perform that exist in significant numbers in the national economy.

Plaintiff contends the ALJ harmfully (1) failed to account for social, attendance, or persistence limitations caused by her anxiety disorder, panic disorder, and agoraphobia, and (2) failed to resolve the discrepancy between an RFC determination Plaintiff is limited to two hours

ORDER REVERSING AND REMANDING - 1

of walking or standing, and the requirements of light work jobs the ALJ found she could perform.

The Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**1.      Plaintiff's Testimony**

Plaintiff contends the ALJ harmfully discounted her testimony about how anxiety disorder, panic disorder, and agoraphobia affect her ability to work. The ALJ acknowledged Plaintiff's claim she could not work "due to panic disorder, anxiety disorder, and physical pain."

The ALJ rejected the claim by first listing Plaintiff's treatment record from August 2021 through April 2025 and stating: "the assessed residual functional capacity is consistent with the record as a whole." A recitation of the medical evidence lacking explanation does not itself constitute a clear and convincing reason to discount Plaintiff's testimony. *See Christopher M. v. Comm'r of Soc. Sec.*, No. C22-5693-BAT, 2023 WL 3580664, at *1 (W.D. Wash. May 22, 2023) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015)) (ALJ failed to provide specific reasons allowing for meaningful review where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination"). Additionally, the Court notes Plaintiff's medical record shows long standing mental health problems, multiple attempts to treat with a variety of medications, times of improvement and times of increased symptoms, and consistent and persistent mental health symptoms. Without further explanation, the record it not substantial evidence that contradicts Plaintiff's testimony.

Second, the ALJ discounted Plaintiff's testimony about anxiety and agoraphobia finding the longitudinal record shows her limiting symptoms "did not manifest on formal psychological

ORDER REVERSING AND REMANDING - 2

evaluations" or mental health exams where Plaintiff had anxious mood but exhibited normal mental status functioning, was pleasant and cooperative without noted social limits. The ALJ found this shows Plaintiff can perform simple tasks. But the ALJ's analysis fails to address Plaintiff's claim that her anxiety, panic disorder and agoraphobia limit her from working, not her cognitive ability to perform simple tasks; the ALJ accordingly erred in finding this evidence undermines Plaintiff's testimony about her anxiety, panic and agoraphobia.

Third, the ALJ discounted Plaintiff's anxiety, panic and agoraphobia testimony on the grounds the record does not show she is limited in attending work because she successfully attended school and got good grades, even if it was difficult for her to do so. The ALJ concluded Plaintiff has "no limitations in the claimant's interaction or adapting/managing." This finding is not supported by substantial evidence. Plaintiff's medical record shows she has had for years limitations in interacting and adapting/managing limitations and the ALJ himself acknowledged the problems she has with attending classes. But rather than assessing the degree to which these limitations would affect Plaintiff's ability to perform substantial gainful work activity, the ALJ instead found Plaintiff had no limitations. Substantial evidence does not support this finding because the record shows Plaintiff is limited to some degree, not that she has no limitations in this regard.

Fourth, the ALJ found Plaintiff engaged in therapy throughout the relevant period, and her progress in treatment undercuts her testimony about the severity of her limitations. Substantial evidence does not support this finding. As the ALJ acknowledges, Plaintiff's mental health problems have been treated for years, there are times when she seemingly improved and times when she regressed, and despite improvements Plaintiff continues to need treatment, and her symptoms continue to persist.

ORDER REVERSING AND REMANDING - 3

The Court accordingly finds the ALJ harmfully erred in discounting Plaintiff's testimony about the limitations caused by anxiety disorder, panic disorder and agoraphobia and must reassess her testimony as to these limits on remand.

### 2.      Vocational Expert Testimony

Plaintiff correctly contends the ALJ harmfully failed to reconcile the RFC determination limiting Plaintiff to two hours of standing or walking and the VE's testimony she could perform light work. The Commissioner does not argue a discrepancy does not exist but contends the ALJ had no duty to reconcile it because effective January 2025, newly issued Social Security Ruling (SSR) 24-3p. 2024 WL 5256890 states the Commissioner "will no longer require our adjudicators to identify and resolve conflicts between occupational information provided by [vocational specialists] and [vocational experts]." The new SSR was issued in recognition the vocational data a VE should rely upon may come from sources other than the DOT, the VE should not be discouraged from using multiple valid employment sources, and the ALJ cannot fulfill the requirement to identify and resolve conflicts with the DOT when vocational data that is very different from the DOT is utilized.  *Id.*at \*2. The new SSR thus does not relieve the ALJ from the requirement of reconciling discrepancies between the RFC determination and occupational data and information upon which the VE relies, and instead expands the requirement the ALJ must reconcile any discrepancy between the RFC determination and all sources of occupational data and information upon which the VE relied. *See Id.* at 6 ("Our adjudicators are responsible for evaluating the VS or VE evidence within the context of the overall evidence in the claim. If the VS or VE does not provide the expected information and explanation outlined above, the adjudicator will usually need to develop the record with

ORDER REVERSING AND REMANDING - 4

sufficient evidence to make a supported finding at step four or step five of the sequential evaluation process.") (emphasis added).

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMAND**S the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess Plaintiff's testimony about her anxiety disorder, panic disorder, and agoraphobia; develop the record and redetermine RFC as needed; and proceed to the remaining steps as appropriate, including reconciliation of any discrepancy between the VE's testimony and the RFC determination.

DATED this 10th day of June, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 5